The bill states that Samuel Love was the guardian of the plaintiff; that he resigned the trust, and the court appointed. John Love guardian; that Samuel came to a settlement *Page 461 
with John as guardian, and executed to him a bond for the balance of the ward's estate, and that he (Samuel) gave a deed in trust of a female slave by the name of Minerva, to secure the payment of the bond; that Samuel Love made his will, and specifically bequeathed the said slave to the plaintiff, and died in 1829. Afterwards, in the same year, John Love, the guardian, caused the trustee to expose the said slave to sale, when he became the purchaser, and retained her until his (628) death, which took place in 1840. Minerva now has several children. The bill states that the general personal estate of the testator, Samuel Love, was amply sufficient to pay all his debts, including the said bond, and that there was no necessity for the sale of the slave, which was specifically bequeathed to the plaintiff; that the plaintiff came of age in 1840. The bill prays for an account of the guardianship, and that the said slaves may be surrendered to the plaintiff as a part of his estate.
The defendant in his answer admits that John Love was the guardian of the plaintiff, and that he, as administrator, is now ready to account and pay any demand which may be due him. He admits that the slaves mentioned in the bill are now in his possession; but he insists that they belong to the estate of his intestate, as his intestate purchased the same of one Gray and took a bill of sale for the same. He says that he is ignorant that the deed in trust to Gray was to secure a debt for the benefit of the plaintiff. He says that he has no knowledge of the legacy of the slave to the plaintiff, under the will of Samuel Love. There is a replication.
The main dispute in this case is as to the right and title of the slaves Minerva and her children. The evidence in the cause satisfies us that the deed in trust of the slave Minerva, from Samuel Love to A. Gray (trustee), dated 21 April, 1829, was executed to secure a debt of $185.65 to John Love as the guardian to the plaintiff; that Samuel Love made his will and bequeathed the said slave Minerva to the plaintiff, and afterwards died in the said year 1829; that the trustee, at the instance of the guardian, sold the slave, under the pretense of satisfying the said debt, and the guardian became the purchaser, and took a bill of sale from the trustee in his own name, dated 31 December, 1829. The executor of Samuel Love, in his deposition, states that the other legacies had to abate in paying the debts of his testator, but this legacy has never contributed anything in the said payments. In equity the slave Minerva (629) belonged to the plaintiff. If the guardian could not find general personal assets of the testator to make the debt *Page 462 
of $185.65, coming to his ward, it seems to us that he acted improperly in having his ward's slave, worth more than $300, sold to pay said debt. But when we see with what expedition all this was done, and that the guardian became the purchaser himself, we are compelled to declare that, although he gave a full price for the slaves, the transaction is wanting in that bonafides which will authorize this Court to decree that he can rightfully hold them against his ward.
The defendant must, we think, be decreed to surrender the slaves Minerva and her children to the plaintiff, and to account for the hire and also the other estate of the plaintiff, and in the account he will be allowed all just credits for the purchase money, and for raising the negroes.
PER CURIAM. Decreed accordingly.
(630)